# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 22-0026V
UNPUBLISHED

| | |
|---|---|
| ALBERT MILLER,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: April 20, 2023<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*Ramon Rodriguez, III*, Sands Anderson PC, Richmond, VA, for Petitioner.

*Emilie Williams*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING DAMAGES[1]

On January 10, 2022, Albert Miller filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain Barré syndrome as result of an influenza ("flu") vaccine that was administered on January 8, 2019. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On April 20, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On April 4, 2023, Respondent filed a combined Rule 4 report/proffer on award of compensation ("Rule 4/Proffer") indicating Petitioner should be awarded (A) a lump sum payment of $125,000.00 for pain and suffering; and (B) a lump sum payment of $50,571.09, representing compensation for satisfaction of the State of Louisiana Medicaid lien. Rule 4/Proffer at 6. In the Rule 4/Proffer, Respondent

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Rule 4/Proffer.

Pursuant to the terms stated in the Rule 4/Proffer, **I award Petitioner the following compensation:**

1. **A lump sum payment of $125,000.00 (for pain and suffering) in the form of a check payable to Petitioner; and**

2. **A lump sum payment of $50,571.09, representing compensation for satisfaction of the State of Louisiana Medicaid lien, in the form of a check payable jointly to Petitioner and**

> **The Rawlings Company**
> **Attn: Daniel Hilinski**
> **P.O. Box 2000**
> **La Grange, KY 40031-2000**

**Petitioner agrees to endorse the check to The Rawlings Company for satisfaction of the Medicaid lien.**

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> **s/Brian H. Corcoran**
> Brian H. Corcoran
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.